### Charles F. Hayes v. Allie J. Hambel.

1. APPELLATE COURT PRACTICE—*Records of the Court Below.*—The
Appellate Court passes upon records made in the court below. It has no
authority to do otherwise; such records can not be added to, diminished
or explained by evidence extraneous thereto.

2. RECORDS—*Burden upon the Appellant, etc.*—*Death of Trial
Judge.*—The burden of making up the record of the court below so that
it presents matters complained of, is upon the appellant, and this is so
in cases where the trial judge dies before signing the bill of exceptions.

Hayes v. Hambel.

Trespass on the Case, for malicious prosecution.   Appeal from the Circuit Court of Cook County; the Hon. GEORGE DRIGGS, Judge, presiding.   Heard in this court at the October term, 1895.   Affirmed. Opinion filed March 3, 1896.

### STATEMENT OF THE CASE.

This cause was commenced in the Circuit Court in 1891. The action was brought by Allie J. Hambel to recover damages for malicious prosecution.

A trial was had before Judge Driggs, one of the judges of the Circuit Court, and a verdict of the jury rendered in favor of the plaintiff for $400.   A motion was entered at the same term of court by the defendant for a new trial. During the pendency of the motion for a new trial Judge Driggs died.

After the death of Judge Driggs, in 1893, the plaintiff caused the motion for a new trial to be presented to Judge McConnell.   Judge McConnell refused to pass upon the motion.

The matter being presented to Judge Smith of the same court, he overruled the motion for a new trial, and entered judgment on the verdict.

THOMPSON & McCASLIN, attorneys for appellant.

ROSENTHAL, KURZ & HIRSCHL, attorneys for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

· This is an appeal from the order overruling a motion for a new trial and entering judgment of $400 on a verdict. The trial and verdict having been before one judge of the Circuit Court, and the ruling on the motion for a new trial and judgment having been by another judge of that court, there is no complete bill of exceptions showing what took place at the trial of the cause, or what showing thereof was presented to the court upon the hearing of the motion for a new trial.

The burden of seeing that a record of these things was made, was upon appellant.

It may be that the Circuit Court did not give appellant sufficient time in which to make to it a complete showing of what took place upon the trial of the cause; although, as more than a year had elapsed since the trial, there was ample time to have had written out a complete transcript of the proceedings at the trial; however this may be, we have not before us a complete showing of what was before the court, and upon which it overruled the motion for a new trial and entered judgment on the verdict. The judgment must therefore be affirmed.

We can not grant the request of counsel to be permitted in this court to show by extraneous evidence "what was intended by counsel for appellee as well as the appellant and by the court," as to including in the bill of exceptions all that was before the court on the hearing of the motion for a new trial.

This court passes upon records made in the court below; it has no authority to do otherwise; such records can not be added to, diminished or explained by evidence extraneous thereto.

The court below, whose action we are asked to review, speaks by its record alone. Its action is here judged by what is shown in such record and nothing else.

The judgment of the Circuit Court is affirmed.